UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LA SHANGRILA, INC.,

        Plaintiff,

v.                                        Case No.  8:07-cv-1133-T-24 EAJ

HERMITAGE INSURANCE COMPANY
and BRUCE ROSEN and JACQUELYN
ROSEN,

        Defendants.
_____/

## **ORDER**

       This cause comes before the Court on Plaintiff La Shangrila's Motion for Remand.  (Doc.

No. 5).  Defendant Hermitage Insurance Company ("Hermitage") opposes the motion.  (Doc.

No. 8).

## **I.  Background**

       The instant case is an action for declaratory relief pursuant to Chapter 86 of the Florida

Statutes regarding whether Hermitage owes a duty to defend and indemnify La Shangrila against

claims asserted by Bruce and Jacquelyn Rosen in an underlying tort action.  This case was

originally filed in state court, and Hermitage removed the case on June 29, 2007.  Hermitage

based removal on diversity jurisdiction, because La Shangrila is a Florida corporation,

Hermitage is a New York corporation, and the amount in controversy exceeds $75,000.  In its

Notice of Removal, Hermitage states that the Rosens, who are Florida residents, should not be

considered in determining diversity jurisdiction, because they are only nominal parties that are

named so that they would be bound by any declaration entered by the Court.  In response, La

Shangrila filed the instant motion to remand, arguing that the Rosens are not nominal parties and that their citizenship, which  must be considered, destroys diversity jurisdiction.

## II.  Motion to Remand

Federal courts have jurisdiction over controversies between citizens of different states. See Navarro Savings Assoc. v. Lee, 446 U.S. 458, 460 (1980).  The citizens that are considered in determining if a court has diversity jurisdiction are only those who are "real and substantial parties to the controversy."  Id. at 460 (citations omitted).  As such, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  Id. at 461 (citations omitted).

The test for whether a defendant is an indispensable party (and thus a party whose citizenship must be considered) is whether, in the absence of the defendant, the court can enter a final judgment consistent with equity and good conscience that would not be in any way unfair or inequitable.  See Tri-Cities Newspapers, Inc. v. Tri-Cities Pressman & Assistants' Local 349, 427 F.2d 325, 327 (5th Cir. 1970)(citation omitted).  "The question of whether or not a named defendant is a nominal party depends on the facts in each case."  Id.

In its motion to remand, La Shangrila argues that the Rosens are not nominal parties, but instead, they are necessary parties under Florida law and in order to have finality on the issue of insurance coverage for the claims they have asserted against La Shangrila.  See American Safety Casualty Ins. Co. v. Condor Associates, Ltd., 129 Fed.  Appx. 540, 542 (11th Cir. 2005); Ranger Ins. Co. v. United Housing of New Mexico, Inc., 488 F.2d 682, 683 (5th Cir. 1974); Earnest v. State Farm Fire & Casualty Co., 475 F. Supp.2d 1113, 1117 (N.D. Ala. 2007); Allstate Ins. Co. v. Conde, 595 So. 2d 1005, 1008 (Fla. 5th DCA 1992).   As such, La Shangrila argues that

2

because the Rosens are Florida citizens, this Court lacks diversity jurisdiction. The Court, however, rejects La Shangrila's argument that this Court lacks diversity jurisdiction, because assuming that the Rosens' citizenship should be considered, the Court finds that it still has diversity jurisdiction, because the Court must realign the Rosens as plaintiffs in this case.

Whether diversity jurisdiction exists is not dependant on the way that the plaintiff aligns the parties in its complaint. See Earnest, 475 F. Supp.2d at 1117 (citation omitted). Instead, "it is the federal courts' duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute. This Court must work out the relation of each party to the suit according to the nature of his real interest, and *then* decide the question of jurisdiction." Id. (internal quotation marks and citations omitted).

In determining whether there is an actual or substantial controversy between citizens of different states, the Court must look at the true interests of the parties and the positions asserted by them. See Weller v. Navigator Marine, Inc., 737 F.2d 1547, 1548 (11th Cir. 1984). In determining whether the parties are properly aligned, the Court must determine the principal purpose of the case. See Indemnity Ins. Co. of North America v. First National Bank at Winter Park, Fla., 351 F.2d 519, 522 (5th Cir. 1965)(citation omitted); Boland v. State Automobile Mutual Ins. Co., 144 F. Supp.2d 1282, 1285 (M.D. Ala. 2001); Federal Ins. Co. v. Bill Harbet Construction Co., 82 F. Supp.2d 1331, 1337 (S.D. Ala. 1999); United States Fidelity & Guaranty Co. v. Algernon-Blair, Inc., 705 F. Supp. 1507, 1511 (M.D. Ala. 1988). Thus, "'if interests of a party named as defendant coincide with those of plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as plaintiff for jurisdictional purposes.'" Boland, 144 F. Supp.2d at 1284 (quoting Dolch v. United California Bank, 702 F.2d 178, 181 (9th Cir.

1983)).

In the instant case, the principal purpose of the case is to determine whether the Rosens' claims are covered by the insurance policy issued by Hermitage.  La Shangrila's interests are not adverse to the Rosens' interest, because La Shangrila has sought no claim for relief against the Rosens in this case.[1]  Instead, under the facts of this case, the Rosens' interests are aligned with La Shangrila's efforts to obtain indemnity from Hermitage for the Rosens' claims, because if La Shangrila is successful in this case, it will ensure that the Rosens have access to insurance funds to pay any settlement or judgment that they might obtain in the underlying tort action.  See Earnest, 475 F. Supp.2d at 1117 (realigning tort claimant as a plaintiff in a suit brought by an insured against his insurer for declaratory relief).  As such, realignment of the Rosens as plaintiffs for jurisdictional purposes is necessary and results in diversity jurisdiction.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Remand (Doc. No. 5) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of August, 2007.

*Susan C. Bucklew*

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1]The fact that La Shangrila's interests are adverse to the Rosens' interests in the underlying tort action is not relevant to the determination as to whether the Rosens are properly aligned as defendants in this case.  See Boland, 144 F. Supp.2d at 1285 (citation omitted); Bill Harbet Construction Co., 82 F. Supp.2d at 1334 (citation omitted).

4